**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 108735

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| BABETTE MILLER,<br><br>Plaintiff,<br><br>vs.<br><br>GC SERVICES LIMITED PARTNERSHIP,<br><br>Defendant. | Docket No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

BABETTE MILLER (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against GC Services Limited Partnership (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3. This Court has personal jurisdiction over GC Services Limited Partnership because GC Services Limited Partnership maintains its principal place of business in Texas. This Court has personal jurisdiction over GC Services Limited Partnership because while GC Services

1

Limited Partnership maintains its principal place of business in Texas, it purposely directs substantial activities at the residents of Texas by means of the Websites. This Court also has personal jurisdiction over the Defendant under the applicable long-arm jurisdictional statutes of Texas.

4. Venue is proper under 28 U.S.C. §1391(a)(2) because GC Services Limited Partnership does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

5. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## PARTIES

6. Plaintiff is an individual who is a citizen of the State of New York and resides in this Judicial District.

7. Plaintiff, a "consumer" as defined by 15 U.S.C. § 1692a(3), is allegedly obligated to pay a debt.

8. On information and belief, Defendant's principal place of business is located in HOUSTON, Texas.

9. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and is therefore a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11. Plaintiff's alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the debt, but before the initiation of this action, Plaintiff is alleged to have fallen behind on payments allegedly owed on the alleged debt.

13. At a time known only to Defendant, Plaintiff's alleged debt was assigned or otherwise transferred to Defendant for collection.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

14. In its efforts to collect the alleged debt, Defendant contacted Plaintiff by written correspondence annexed hereto as "<u>Exhibit 1</u>."

15. Defendant's written correspondence to Plaintiff is a "communication" as defined by 15 U.S.C. § 1692a(2).

16. As set forth in the following Counts, Defendant's communication violated the FDCPA.

**FIRST COUNT**
**Violation of 15 U.S.C. § 1692g**
<u>**Validation of Debts**</u>

17. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

18. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

19. The written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

20. The written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

21. The written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

22. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

23. Even if a debt collector conveys the required information accurately, the collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication, or by other collection activities during the 30-day validation period following the communication.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

3

24. A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated consumer" or "unsophisticated consumer" uncertain or confused as to her rights.

25. Here, Defendant's collection letter states, "By this time you must realize that you are delinquent."

26. Defendant's collection letter states, "Please send us your payment in full in the enclosed envelope."

27. Defendant's collection letter states, "Remit your balance in full or phone (866) 862-2793."

28. Defendant's collection letter provides the direction, "Please Call: (866) 862-2793," on the top of the letter, in bold-face type.

29. Conspicuously absent from the provided options is the Plaintiff's right not to make payment or call Defendant, but to dispute the debt or demand validation of the debt as provided by 15 U.S.C. § 1692g.

30. At the bottom of the letter, under the closing of the letter, is a notice "See reverse side for important consumer information."

31. On the reverse side of the letter are certain rights required by 15 U.S.C. § 1692g.

32. The front of the letter contains no transitional language explaining that the "options" on the front of the letter do not override Plaintiff's right to dispute the debt or seek validation of the alleged debt.

33. The "options" provided on the front of the letter contradict the required disclosures provided on the reverse side of the letter.

34. The "options" provided on the front of the letter overshadow the required disclosures on the reverse side of the letter.

35. The "options" provided on the front of the letter would make the "least sophisticated consumer" or "unsophisticated consumer" uncertain or confused as to her rights.

36. The back of Defendant's letter includes certain words in Spanish.

37. The language in Spanish on the back of Defendant's letter would make the "least sophisticated consumer" or "unsophisticated consumer" uncertain or confused as to her rights.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

38. 15 U.S.C. § 1692g(a)(3) requires Defendant to set forth "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector."

39. Defendant's letter states, "Unless you, within thirty (30) days after your receipt of GC Services' initial written notice to you concerning this debt, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by GC Services."

40. Defendant's addition of the words "after your receipt of GC Services' initial written notice to you concerning this debt" to the disclosure required by 15 U.S.C. § 1692g(a)(3) would lead the "least sophisticated consumer" or "unsophisticated consumer" to believe there was a prior initial written communication from Defendant.

41. Defendant's addition of the words "after your receipt of GC Services' initial written notice to you concerning this debt" to the disclosure required by 15 U.S.C. § 1692g(a)(3) would confuse the "least sophisticated consumer" or "unsophisticated consumer" concerning the time frame to dispute the debt or seek validation of the debt.,

42. Defendant's addition of the words "after your receipt of GC Services' initial written notice to you concerning this debt" to the disclosure required by 15 U.S.C. § 1692g(a)(3) is confusing.

43. Defendant's addition of the words "after your receipt of GC Services' initial written notice to you concerning this debt" to the disclosure required by 15 U.S.C. § 1692g(a)(3) would make the "least sophisticated consumer" or "unsophisticated consumer" uncertain as to her rights.

44. Defendant's addition of the words "after your receipt of GC Services' initial written notice to you concerning this debt" to the disclosure required by 15 U.S.C. § 1692g(a)(3) would make the "least sophisticated consumer" or "unsophisticated consumer" confused as to her rights.

45. For the foregoing reasons, Defendant has violated § 1692g.

### SECOND COUNT
### Violation of 15 U.S.C. § 1692g
### Validation of Debts

46. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

47. A debt collector has the obligation, not just to convey the information required by

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

15 U.S.C. § 1692g, but also to convey such clearly.

48. Even if a debt collector conveys the required information accurately, the collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication, or by other collection activities during the 30-day validation period following the communication.

49. A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated consumer" or "unsophisticated consumer" uncertain or confused as to her rights.

50. A debt collector's initial letter may include a phone number to call as a convenience to a debtor, so long as no emphasis is placed on the phone number in any way and the phone number is not accompanied by a request for immediate payment.

51. Defendant's letter includes a phone number for the Plaintiff to call and also demands immediate payment.

52. The phone number is emphasized in that it is set forth in bold-face type at the top of the letter, with the direction "Please call."

53. The phone number is emphasized in that the letter gives Plaintiff two choices: "Remit your balance in full or phone (866) 862-2793."

54. Defendant has violated § 1692g as its provision of a phone number in this circumstance overshadows Plaintiff's rights during the validation period.

### THIRD COUNT
### Violation of 15 U.S.C. § 1692e
### False or Misleading Representations

55. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

56. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

57. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on non-enumerated practice.

58. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

59. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer" or "unsophisticated consumer."

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

6

60. The "least sophisticated consumer" or "unsophisticated consumer" would likely be deceived by Defendant's conduct as previously set forth.

61. The "least sophisticated consumer" or "unsophisticated consumer" would likely be deceived in a material way by Defendant's conduct as previously set forth.

62. Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## JURY DEMAND

63. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a. Statutory damages against Defendant pursuant to 15 U.S.C. § 1692k of $1,000.00; and

b. Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

d. Plaintiff's costs; together with

e. Such other relief that the Court determines is just and proper.

DATED: April 24, 2015

**BARSHAY SANDERS, PLLC**

By: _/s/ Craig B. Sanders_____
Craig B. Sanders Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 108735

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530